OPINION
{¶ 1} Plaintiffs Rose Shortt, individually and as guardian and next friend of Tyler Shortt, a minor, appeal a summary judgment of the Court of Common Pleas of Coshocton County, Ohio, entered in favor of defendant the St. Paul Insurance Company. Appellants assign a single error to the trial court:
{¶ 2} "The trial court erred in granting appellee, St. Paul's motion for summary judgment and denying appellant, Rose Shortt's motion for summary judgment."
{¶ 3} Appellants argue the judgment of the Court of Common Pleas of Coshocton County was inappropriate as a matter of law on undisputed facts.
{¶ 4} On July 16, 1998, Tyler Shortt, a minor, was a passenger in a recreational vehicle operated by Nathan Moore, on the property of Randall Moore. Because of the negligent acts of Nathan Moore, Tyler suffered severe and permanent injuries, resulting in medical bills of nearly $40,000. Nathan Moore was uninsured, but Tyler's parents, Rose and Daniel Shortt had an automobile insurance policy with Nationwide Insurance Company. Daniel Shortt's employer was insured by the Westfield Companies, and Rose Shortt's employer was insured by St. Paul Insurance Company, the appellee here.
{¶ 5} Nationwide and Westfield both settled with the Shortts but appellee denied coverage. Appellants brought a declaratory judgment action, asking the common pleas court to determine whether Tyler Shortt and his mother Rose Shortt, are insureds under appellee's policy.
The policy in question includes an automobile uninsured/underinsured motorist coverage endorsement. The introduction portion of the policy defines the terms "you, your, and yours" as follows: "The words you, your and yours means the named insured here which is a corporation, the Longaberger Company." Below this it states that insured names continue on the back of the introduction page.
{¶ 6} On the back of the introduction page the name David W. Longaberger appears.
{¶ 7} The policy outlines who is protected under the agreement.
{¶ 8} "WHO IS PROTECTED UNDER THIS AGREEMENT
{¶ 9} "Individual.You are protected. Also, if you are named in the introduction as an individual, you and your family members are protected persons.
{¶ 10} "Family members. Means persons who are related to you by blood, marriage or adoption and live in your home. A ward or foster child who lives with you is also considered to be a family member.
{¶ 11} "Anyone else in a covered auto. Anyone else while in an auto that's a covered auto or a temporary substitute auto is protected.
{¶ 12} "In an auto. Includes on the auto, getting in or out or off of it.
{¶ 13} "Temporary substitute auto. Means an auto used in place of a covered auto because:
{¶ 14} "it was lost or destroyed;
{¶ 15} "it broke down; or
{¶ 16} "it's being serviced or repaired
{¶ 17} "Anyone entitled to collect damages. We'll also cover anyone entitled to collect damages for bodily injury suffered by another protected person. "
The trial court decided this issue on summary judgment. Pursuant to Civ.R. 56, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. This court reviews summary judgments de novo, Smiddy v. The Wedding Party, Inc.(1987), 30 Ohio St.3d 35.
{¶ 18} Appellants argue they are entitled to underinsured motorist coverage under the policy of insurance by virtue of the recent Supreme Court case of Scott-Pontzer v. Liberty Mutual Fire Insurance Company,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116; and Ezawa v. Yasuda Fire and Marine Insurance Company of America, 86 Ohio St. 557,1999-Ohio-124, 715 N.E.2d 1142.
{¶ 19} In Scott-Pontzer, the Supreme Court found where the insured is a corporation, and is referred to in the policy as "you", the word you is ambiguous because there is no individual covered by the policy. Corporations act only through their employees, and thus, if the policy is to have any effect, it must insure the corporation and employees.
{¶ 20} Appellee argues the inclusion of the David W. Longaberger's name as an individual insured, clarifies the ambiguity created by the word you, and sufficiently defines who is covered under the policy.
{¶ 21} The language in the case at bar differs from the language in the Scott-Pontzercase. In Scott-Pontzer, the definition of the insured included "you" and "if you are an individual, any family member." In the case at bar, the language covers "you" and also, if you are named in the introduction as an individual, you and your family members are also covered. We find pursuant to Scott-Pontzer, because the corporation is named as an insured, Rose Shortt is covered by virtue of her employment by the corporation. The naming of David W. Longaberger as an additional insured individual does not defeat the ambiguity within the word "you" as applied to a corporation, see Still v. Indiana Insurance Co., Stark Appellate No. 2001CA00300, 2002-Ohio-1004.
Appellants argue Rose Shortt's minor son Tyler should also be covered under appellee's policy. We do not agree. We find the language here is quite different from the language found in Scott-Pontzer. While Rose Shortt is included by virtue of her employment status, she is not named in the introduction as an individual. Only persons named in the introduction as an individual have coverage for their family members.
{¶ 22} We conclude that Rose Shortt is covered by appellee's policy but Tyler Shortt is not.
{¶ 23} The assignment of error is sustained in part and reversed in part.
{¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Hoffman, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to be split between appellants and appellee.